You're getting ready still. I apologize, Your Honor. I'm recovering from a cold and I don't quite have the voice in pro-working order. Excuse me. May it please the Court, Kenneth Carpenter appearing on behalf of Niccolo Porriello. Mr. Porriello appeals a decision from the Veterans Court which we believe misinterpreted the presumption of soundness under the provisions of 38 U.S.C. § 1111, formerly § 311. This case goes to the question of the VA's evidentiary burden necessary to rebut the presumption of soundness which the lower court found could be met by mere competent evidence. The Veterans Court relied upon an interpretation of the statute which allowed the VA to rebut or to meet its evidentiary burden to rebut the presumption by only competent evidence. Competent evidence is not the evidentiary burden set out by the statute. So you're not arguing the aggravation point today? Well, the aggravation point is in the second prong of the presumption of soundness.  But the presumption of aggravation issue wasn't raised before the Board, correct? No, Your Honor, I do not believe it was. But it's our position that the presumption of aggravation under this Court's decision in Wagner folds into the presumption of soundness because the facts in this case are undisputed that at the time of Mr. Poriello's entry into service, there was no pre-existing condition regarding colitis noted at the time of his entrance to service. Therefore, under the provisions of the statute and this Court's interpretation of that statute in Wagner, Mr. Poriello would have been entitled to the presumption of soundness so that even if there was clear and unmistakable evidence that the condition existed prior to service, then the second prong must also be rebutted by clear and unmistakable evidence that the aggravation which was noted in service was not aggravated by his period of service. And the case law is clear that... But what you seem to be saying is that they've got to use the right magic words, you know, 50 years ago when they resolved these things. No, Your Honor, because this is a review of what the Board did. And what the Board did and what the Veterans Court relied upon was the Board's determination that the Board determined that there was no service aggravation because it was unclear or not that his condition had worsened during service. That's the way that the Board made their determination. That's not the legal standard. The Veterans Court relied upon that legal standard to affirm the Board. The Board, not the original decision... Well, they raised the presumption of aggravation. It's not surprising that they didn't address it directly. Well, I believe that they had an obligation to address it because the applicable provision of law was the presumption of soundness. Inherent in the presumption of soundness in its second prong is the presumption of aggravation. You only go to the presumption of aggravation under 1153 or formerly 353 when the condition was noted at entrance. It's an undisputed fact in this record that there was no colitis noted prior to coming into service. Therefore, the Board, when it reviewed the VA's three earlier decisions, was under an obligation to apply that presumption because that presumption was triggered as a matter of law once there was no noting at entrance. Once there was no noting at entrance, then what they had to examine was his entitlement to the presumption of soundness. And you cannot say as a matter of law, as the Veterans Court did, that the Board's determination that there was no cue in the 61 and 68 ratings decision was not arbitrary, capricious, and otherwise in accordance with law because it was not in accordance with law. The law clearly required that Mr. Porriello be afforded the presumption of soundness. And he was not afforded the presumption of soundness either in the original decisions in 61 and 68, but more importantly in what the Veterans Court was reviewing when the Board reviewed the allegations of clear and unmistakable error that the underlying decision had been made in accordance with law. It had not been made in accordance with law. The correct law was not applied. It is factually indisputable that there was no colitis noted at his time of entrance. It is equally factually undisputed that the Medical Board found that there was a worsening after 14 months of active duty service. That goes to aggravation. That goes to the aggravation component. And aggravation is not enforced. But it is, Your Honor, because the aggravation is part and parcel of the presumption of soundness. This Court's decision in Wagner teaches that there are two prongs to the presumption of soundness. And even if you rebut by clear and unmistakable evidence the first prong, which is preexistence, then the second prong is aggravation. Is that consistent with Wagner? Yes, it is consistent with Wagner. Wagner expressly teaches that after the first prong is removed... According to our Jordan opinion, the Wagner opinion omits the requirement of evidence for aggravation of an injury. That's what Jordan said about Wagner. Were we wrong in Jordan or were we wrong in Wagner? Well, I believe you're taking the... I don't believe that the quote from Jordan that you're using is a correct characterization of this Court's holding in Wagner. I just read what the Court said. I agree that that's what it said. I'm saying that what was said... Was Jordan wrong? Are we wrong in Jordan or are we... You are wrong in Jordan to the extent that you can ignore the second prong of the presumption of soundness, which is, as Wagner explains, essentially the aggravation. Do we need then to go en banc in order to reach the conclusion you wish us to reach? I don't believe you do, Your Honor, but if this panel obviously feels that this needs to be referred to a panel because of that conflict, then certainly that would be necessary. It's an important distinction. Well, I'm not sure the Court perceives there's a conflict. I perceive that you do. I don't believe Jordan has any application in this case because this is a question of the interpretation relied upon by the Veterans Court. And what the Veterans Court said was that it was permissible for the Board to have relied upon competent evidence in finding that the decisions were made in accordance with law. Competent evidence is not the legal standard under the presumption of soundness. And the presumption of soundness clearly triggered as a matter of law when there was no colitis noted at entrance to service. And even if one presumes that the first prong was rebutted by clear and unmistakable evidence, then you have to have evidence of clear and unmistakable evidence that the second prong, that there was no aggravation. And it's important to understand that… is it's talking about the regulation rather than the statute. Is that not correct? That's correct. Yes, Jordan dealt with the regulation, not with the statute. And it's not – if we had a Wagner case today, not a clear and unmistakable error case, there's no one who's arguing that there isn't a presumption of aggravation under Wagner, right? Not that I'm aware of, Your Honor. I think that would be a fair statement. Okay, so what we're talking about is whether when we go back and have a Q situation, whether the law has changed because the regulation existing at the time didn't address the presumption of aggravation. That's the issue, right? I think you've clarified what I tried to get to, but didn't say it very artfully. Thank you. And my response, I apologize, was not artful either, Your Honor. I think you've stated it correctly, Judge Stein. But I think, however, that the difference here is that the Patrick case makes clear that the law was always the law as interpreted in Wagner. And so when we go back and look at, or when the board in this case was supposed to go back and look at what happened in 1961 and 1968, then regardless of what the regulation said, the presumption of soundness required a two-prong evidentiary obligation. And it requires an evidentiary standard, and that's the relevant… the RO or whoever was addressing the issue at the time didn't understand what the statute meant and didn't articulate the standard that became clear 50 years later, right? Respectfully, Your Honor, I disagree. The fact is that the whole point of the statutory provision to revise prior VA decisions is precisely that, is to go back and make the correction where it is evident that the VA did not correctly apply the law. There has to be a finding that it would lead to a different result, right? That's correct, Your Honor. So why here, looking at this, and I know this is probably beyond our jurisdiction, but here looking at this, why is it that it's so clear that if they'd applied the Wagner standard 50 years ago that they would have reached a different result? How can that be clear? Because of the nature of the disease in this case, colitis. Colitis is a chronic condition, and there was no difference between that chronic condition, which was aggravated in service, and the chronic condition that he obviously had post-service when he made his applications for benefits in 1961 and 1968. It's simply not factually disputable that he didn't continue to have a disability from colitis. So you're really asking us to reweigh evidence here?  I'm asking this court to determine whether, as a matter of law, when the Veterans Court relied upon competent evidence and evidence that they characterized, as did the board, as being in dispute, can that meet the legal test required under 1111? You're making this interpretation or argument, the legal argument, is simply that the board failed to expressly state that the doctor, the presumption of soundness in their decisions.  The challenge is that the board misstated the legal standard, and the Veterans Court adopted that legal standard. The board said that this was merely a disagreement with how the evidence was weighed, and then they went on to say that there was competent evidence to support the correctness of these decisions in accordance with law. That is a misstatement, because in accordance with law, Mr. Foriello was entitled to the benefit of the presumption of soundness. And the legal standard there is clear as a result of Wagner, as frankly it was at the time in which these decisions were made in 1961 and 1968. The statute expressly set clear and unmistakable evidence. I want to save some of your time, Mr. Carpenter. Thank you. Ms. Kidmiller? Thank you, and may it please the Court. Mr. Foriello's briefs and even arguments this morning are perhaps most significant in what they omit, and that is that this case is one involving a claim of clear and unmistakable error, or Q, which of course the Court is aware is a very limited exception. You raised the presumption of aggravation point before the board, right? That's right, Your Honor. This Court's decision in Andre explains that a Q claim, each very specific allegation of Q, clear and unmistakable error, has to be presented to the board first. And that is, to use this Court's word, a jurisdictional prerequisite. Mr. Foriello did not raise his argument regarding Wagner and the application of that case to the presumption before the board. Now, he remains free to do so. He can go to the board or to the VA tomorrow and file a new Q claim, because he's challenging regional office decisions here. That option remains open to him. However, it has not properly been raised to give the Veterans Court, and in turn, this Court, jurisdiction over that claim. With respect to Mr. Foriello's assertion that the VA somehow made misinterpretations of law that this Court would have jurisdiction over, the Court did not make any of the interpretations that Mr. Foriello attributes to it. First, the Court held in responding to Mr. Foriello's assertion that his self-report, my doctor told me I had colitis before I entered into service, which is the type of evidence that can rebut the presumption of sound condition. The Court looked at that statement, along with the other evidence in the record, and said that there was no error in the regional office decision finding that the presumption had, in fact, been rebutted. And the Veterans Court was applying that clear and unmistakable error standard. So, for it to say that something was perhaps unclear, or that it's not a statement that the law was changed, and that you could merely have unclear evidence or even competent evidence to rebut the standard. The Veterans Court clearly stated the correct statutory standards, that page 3 of the appendix, footnote 1, as of the time of the 1961 decision, if a Veteran's pre-service examination did not reveal any injury or disease, then the Veteran would be presumed to have been in sound condition unless, as noted in footnote 1, evidence or medical judgment existed showing that some sort of injury or disease preexisted. Here, the Board and Veterans Court explained that Mr. Porriello reported that his doctor, prior to service, had diagnosed him with colitis, and based upon that evidence, in addition to other evidence in the record, Veterans Court could not say that it was clearly and unmistakably this very specific and rare kind of error, Q, that Mr. Porriello alleged. Similarly, with respect to his allegation that the Veterans Court misinterpreted the presumption of aggravation, even had he raised that properly, the Court did not hold that unclear evidence can rebut the presumption. Rather, it simply held that under the pre-Wagner statutory scheme, that if there had been no increase in the severity of his disease, then that was sufficient to rebut the presumption of aggravation. Contrary to Mr. Porriello's statement this morning, the Army Medical Board did not say that there was a lack of aggravation. To the contrary, I'm sorry, they did not say that there was aggravation. To the contrary, they found no aggravation, and that's explained at page 4 of the Veterans Court's decision. And as both the Board and Veterans Court noted, the regional office even found that his condition improved somewhat during his service, and that there was no permanent increase in his disability. So we mentioned some of the merits here, of course, not because those things fall within the Court's jurisdiction, but to simply make the point that under this very demanding standard, clear and unmistakable error, there was sufficient evidence. Mr. Porriello only challenged the weighing of that evidence, and this Court does not have jurisdiction to re-weigh that same evidence. So we ask that the Court dismiss this case for lack of jurisdiction. Are there a lot of these cases hanging around in which these earlier RO determinations about presumption of soundness, presumption of aggravation are being challenged? I don't know, Your Honor, how many challenges may have been filed. Because veterans are allowed to allege cue in regional office decisions at any time and on multiple occasions, there certainly could be future claims. But you haven't seen others. But I just don't know one way or the other how many similar claims might be pending. Okay. Thank you, Ms. Kidman. Thank you. Mr. Carpenter, you have a little more than 22 minutes. To begin with, this Court is not reviewing what the Board did or what was raised before the Board. This Court is reviewing what the Veterans Court did. And I direct the Court's attention to pages 4 and 5 of the Joint Appendix at the bottom of page 4, continuing to the top of page 5. The Veterans Court said, the Board determined that there was no in-service aggravation. And because it is unclear whether or not the condition worsened during service, the Board's determination that there was no cue in the 61 and 68 decisions was not arbitrary and capricious. Its last sentence says, thus, the Board will affirm the Board's decision that there was no cue in the Board's treatment of the presumption of aggravation. That was the legal determination relied upon by the Court below. The Court below used the wrong legal standard when it said that the Board's treatment of the presumption of aggravation as it relates to the correct analysis of aggravation under the second prong of the presumption of soundness. Additionally, I direct the Court's attention to Joint Appendix 39, which is the Medical Board report from January of 1969, excuse me, 61, that indicated in its narrative, quote, the patient was placed under emotional strain and noted the onset of diarrhea, which became progressively worse over a four week course. That is evidence of worsening of his colitis condition during service. The fact is that the Veterans Court affirmed on the basis of an incorrect application of the applicable law, which is the presumption of soundness, inclusive of the second prong of the presumption of aggravation.  Thank you, Mr. Carpenter. Thank you very much, Your Honor. This concludes our morning.